OPINION OF THE COURT
Stanley Green, J.
This is a summary proceeding in which the petitioner seeks a judgment of possession evicting the respondent based upon alleged violations of certain provisions of the lease.
Petitioner is the owner of premises located at 302-304 East 187th Street in the Bronx. Respondent is the lessee of the premises. According to the lease, respondent is to use the premises for "a social club for the personal and private use of members only.” Paragraph "48” of the lease requires respondent to "obtain all necessary permits and licenses”.
Petitioner contends that respondent violated the lease by operating a social club without a license and permit. Petitioner’s "Notice to Cure Default”, annexed to the petition, does not set forth the licenses or permits which it claims are required or the provisions of the law allegedly requiring them. The "Notice to Cure Default” is therefore defective and requires dismissal of the petition.
At trial, counsel for petitioner advised the court that he believed that the relevant statutes are Alcoholic Beverage Control Law §§ 64, 64-a and 64-b and Administrative Code of the City of New York §§ 20-359 and 20-360.
The three sections of the Alcoholic Beverage Control Law all deal with licenses to sell liquor on premises. "To sell” includes to solicit or receive an order or, to keep or expose for sale, and to keep with intent to sell (Alcoholic Beverage Control Law § 3 [28]). "Sale” means any transfer for a consideration (Alcoholic Beverage Control Law § 3 [28]). The testimony at the trial failed to establish that respondent sold or possessed liquor to sell for a consideration. Petitioner’s witness testified that he observed bottles of liquor and people drinking what he believed to be liquor on the several occasions that he visited the premises. There was no testimony whatsoever of any sale of liquor. There was also no testimony that respondent operated the place for profit or pecuniary gain or that the premises had a capacity for the assemblage of 20 or more persons (Alcoholic Beverage Control Law § 64-b). Petitioner has failed to establish the need for any liquor license.
*813 Petitioner contends that respondent operated an unlicensed cabaret. A "cabaret” is defined as: "Any room, place or space in the city in which any musical entertainment, singing, dancing or other form of amusement is permitted in connection with the restaurant business or the business of directly or indirectly selling to the public food or drink, except eating or drinking places, which provide incidental musical entertainment, without dancing, either by mechanical devices, or by not more than three persons.” (Administrative Code § 20-359 [3].)
"A membership corporation, club, association or society which permits entertainment, singing, dancing or other form of amusement in premises wherein food or drink is directly or indirectly sold to its members, or their guests, or to the public, shall be deemed to be conducting a cabaret hereunder.” (Administrative Code § 20-360 [b].)
Petitioner has offered no evidence as to the manner in which respondent conducted business or operated the premises, other than the witness’s observations that liquor and musical instruments were on the premises. There was no evidence of any actual entertainment or amusement or that food or drink was directly or indirectly sold and therefore no proof that a cabaret license was required.
Accordingly, for all the reasons stated above, the petition is dismissed.